986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wendy GLOCKZIN, Individually and Independent Personal
Representative of the Estate of Jeffrey Glockzin,
Plaintiff-Appellant,
v.
NORTEK, INC. and Nordyne, Inc., Jointly & Severally,
Defendants-Appellees.
 No. 92-1403.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1993.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Wendy Glockzin brought this wrongful death action against the defendant companies seeking compensation for her husband's death. Jeffrey was electrocuted as he worked on a Nordyne assembly line testing central air conditioning units. At his station, he attached an assembly tester's electrical lead wires to each finished unit, turned the power on, checked the unit's functions, turned the power off again, and then removed the leads. The wires apparently bore some similarity to car "jumper cables," except that the clips used to attach the wires had been replaced with uninsulated metal clips. Jeffrey was shocked when he tried to remove the clips after testing a unit while the current was still flowing; apparently he forgot to turn the power off before grabbing the leads.
 
 
 2
 As do many such state laws, the Michigan Worker's Compensation Law provides the exclusive remedy for workers injured on the job. However, the statute permits direct tort suits for wrongful death against employers who "intentionally" harm their workers:
 
 
 3
 An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge....
 
 
 4
 M.C.L. 418.131. Mrs. Glockzin presented evidence that Nordyne managers knew of worker complaints about minor shocks from using the testing equipment and expert testimony that the machine was dangerous as designed and as operated. While she does not dispute that in response to those complaints, Nordyne took some measures to inspect the equipment and make repairs, she nonetheless claims that Nordyne intentionally ordered Jeffrey to operate the testing apparatus with the knowledge that the machine was certain to cause grave injury or death.
 
 
 5
 After examining the arguments and evidence presented by the litigants, the District Court issued an extensive opinion granting Nortek's and Nordyne's motions for summary judgment in their favor. We believe that the District Court correctly concluded that there were no material facts in dispute and that the plaintiff's claim was barred by the exclusivity provision of the Michigan Worker's Compensation Law. First, the District Court correctly interpreted and applied the Michigan statute's requirement that injury be "certain" to occur in holding that the plaintiff could not meet that requirement here, despite every indication that Jeffrey died because Nordyne was grossly negligent.
 
 
 6
 Second, the District Court correctly concluded that the "dual capacity" doctrine does not permit plaintiff to proceed separately against Nortek. In her initial pleadings, including her brief opposing defendants' motion for summary judgment, Mrs. Glockzin argued that Nordyne and Nortek comprised one entity, and that the subsidiary's alleged tortious conduct was attributable to the parent. However, in a supplemental brief filed with the District Court, she raised the "economic reality" test and the "dual capacity" doctrine, contending that for the purposes of summary judgment, the two were separate entities, and that the granting of summary judgment in favor of Nordyne should not necessarily affect her claim against Nortek. As the District Court properly noted, were Nortek and Nordyne in fact separate entities, dismissing Glockzin's action against Nordyne would leave her no cause of action remaining against Nortek, since she has not separately alleged tortious acts or omissions on the part of Nortek alone or any other theory of liability under which Nortek may be found liable.
 
 
 7
 The result is harsh, to be sure, but as the District Court discussed, the intentional tort exception to the Worker's Compensation Law adopted by the Michigan legislature requires proof of a considerably more blameworthy situation than this one. We do not doubt that Wendy Glockzin can imagine no situation more blameworthy than the negligence which resulted in the death of her young husband. However, the specific language of the statute does not permit a result different from this one. It is not for this court to restructure the Worker's Compensation Laws which the Michigan Legislature has adopted.
 
 
 8
 Accordingly, for the reasons stated by the District Court, the order granting summary judgment is AFFIRMED.